The **HOME INSURANCE COMPANY, Plaintiff,**

v.

**M/V AMERIGO VESPUCCI, her engines, boilers, etc., in rem, Italia Di Navigazione S.P.A., Italian Line, Evergreen Marine Corporation, Evergreen International (U.S.A.) Corporation, Clause Trucking and Warehousing Corporation, Maher Container Terminal, Inc., Defendants.**

**No. 90 Civ. 3661 (RPP).**

United States District Court,
S.D. New York.

Sept. 12, 1991.

Waesche, Sheinbaum & O'Regan, P.C. by Nicholas P. Giuliano, New York City, for plaintiff.

Cichanowicz, Callan & Keane by Joseph F. De May, Jr., New York City, for defendants Evergreen Marine Corp., Evergreen Intern. (U.S.A.) Corp. and Italian Line.

Tell, Cheser & Breitbart by Kenneth R. Felt, New York City, for defendant Clause Trucking and Warehousing Corp.

Kenny, Stearns & Broderick by William J. Manning, Jr., New York City, for defendant Maher Container Terminal, Inc.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants Evergreen Marine Corporation and Evergreen International (U.S.A.) Corporation (together, "Evergreen") move pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment to limit their liability on the loss of ties and other goods shipped from Italy to New York in a container. Plaintiff Home Insurance Company ("Home Insurance"), a New Hampshire corporation doing business in New York sues to recover $1,223,886.00 paid to its assured, the purchaser of the ties and other goods, for the alleged loss.

Home Insurance claims negligence, breach of duty, breach of contract, breach of bailment, conversion, and deviation against Evergreen, the carrier used for the shipment. By this motion, Evergreen seeks to limit its liability to Home to $500.00 per package pursuant to its Bill of Lading, which incorporates the Carriage of Goods by Sea Act, 46 U.S.C.App. §§ 1300–1315 ("COGSA"), without prejudice to its right to contest liability, and also seeks a determination by this Court as to whether its liability extends to one package alone, arguing that the single container means "one package," or to 189 packages, since the container was described as containing 177 boxes of ties, 4 boxes of shirts and 8 rolls of textiles.

For the reasons stated below, Evergreen's motion for partial summary judgment is denied.

## BACKGROUND

The uncontested facts are as follows.[1] Home Insurance's assured, Ariel Ventures, Inc. ("Ariel"), is a buyer and seller of fabrics and textiles, doing business in New York. On December 7, 1989, Ariel made a down payment of $92,000.00 on a $637,-000.00 order of fabric goods from the Italian manufacturer, Fraca S.r.L. ("Fraca"). The down payment was comprised of the balance of a wire transfer of $114,000.00, the first $22,000.00 of which was the final payment on an earlier order of goods from Fraca. The remaining balance was provided subsequently by Ariel when it sent three post-dated checks to Fraca; the transaction did not involve a letter of credit. MA.RO S.r.l. ("MA.RO"), Ariel's agent in Italy, hired Fratelli Meone Trasporti Internazionali ("Fratelli Meone") to arrange for the export of the goods through Italian Customs and a hauler to provide inland carriage of the container, first from Evergreen's facility to the Fraca factory, thence to Fratelli Meone's warehouse, and from there to the load port at La Spezia. On December 22, 1989, the hauler delivered the container to the Italian port terminal of La Spezia.

Fratelli Meone also prepared the face sheet of the Bill of Lading, on which Fratelli Meone listed itself as "shipper" and listed the forwarding agent as "Giorgio Gori S.r.l.—Leghorn, Italy." Evergreen's Notice of Motion, March 8, 1991, Exhibit C–1. The face sheet of the Bill of Lading

---

1. Certain of the facts of this case are still subject to ongoing discovery in Italy.

states "FREIGHT PREPAID" and bears the inscriptions, "SHIPPER LOAD AND COUNT" and "FCL/FCL." [2] The face sheet describes the cargo in full as "1.– *CONTAINER CONTAINING/ (40'–Box)* nr. 177 Bxs. of TIES ... nr. 4 Bxs. of SILK SHIRT FOR WOMEN ... nr. 8 Rolls TEXTILES...." with a total at the bottom of 189 boxes. Its date of issue is stamped December 28, 1989; the face sheet contains another date stamp indicating the container was laden on board the M/V AMERIGO VESPUCCI the same day; Seal Number "431797" is handwritten on the face of the Bill of Lading and no other seal is indicated. The face sheet was accepted as furnished by the shipper, without reservations, by Greensisam, Evergreen's agent in Leghorn, Italy. At some time, another seal, La Spezia Terminal Seal No. 22915, was affixed to the container. Plaintiff asserts that this seal was affixed because both the original customs seal and the Evergreen seal were missing when the container was to be laden on board; Evergreen disputes this.

The M/V AMERIGO VESPUCCI discharged the subject container at the port of New York/New Jersey on January 9, 1990. Employees of Maher Container Terminal, Inc. ("Maher") picked up the container and stored it at the Maher terminal. On January 23, 1990, Clause Trucking and Warehousing Corporation ("Clause") obtained the container from Maher, storing it on its own premises until delivering the container to Ariel on January 30, 1990. Ariel alleges and all parties agree that on January 30, 1990, La Spezia Terminal Seal No. 22915 was on the container. Ariel removed the seal and opened the container, which was found to be empty.

Thereafter, Ariel stopped payment on each of the three post-dated checks it had delivered to Fraca. Fraca has received none of the outstanding $545,000.00 balance on the instant purchase. Ariel submitted a claim for $1,223,886.00 (the selling price of the goods) to Home Insurance pur-

suant to its policy and collected this amount from Home Insurance. Home Insurance states that the loss took place while in the custody of Evergreen or its agents, either on land after the container entered the port terminal at La Spezia or at sea, while on board the vessel, and sues to recover $1,223,886.00 and associated expenses.

## DISCUSSION

To grant a motion for summary judgment a court must find that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law because, after sufficient time for discovery, the non-moving party has failed to make a sufficient showing of an essential element of its case as to which it has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate if the evidence offered demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party. *Meiri v. Dacon,* 759 F.2d 989, 997 (2d Cir.1985), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Evergreen bases its motion on its Bill of Lading, which incorporates, among other provisions of COGSA, 46 U.S.C.App. § 1304(5). That section provides in relevant part:

Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful mon-

---

**2.** These inscriptions indicate, respectively, that the shipper stuffed the container, and that the carrier received the container fully stuffed. Thus, this case differs from *Berisford Metals*

*Corp. v. S/S Salvador,* 779 F.2d 841 (2d Cir. 1985), where the carrier's agent stuffed the containers.

ey of the United States ... unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. ...

It is undisputed that the shipper did not declare a higher value for the cargo in the face sheet of the Bill of Lading. The availability of COGSA's $500.00 per package limitation, however, depends on whether the carrier is entitled to assert it. Plaintiff argues that Evergreen is liable for the loss by Evergreen's agents if the cargo was stolen from their possession while on land prior to the issuance of the Bill of Lading and that Evergreen's liability for such prior loss is not governed or limited by COGSA or the Bill of Lading. Alternatively, plaintiff argues that even if the carrier's liability is governed by the Bill of Lading, which incorporates the COGSA limitation, the entries on the Bill of Lading issued by Greensisam estop Evergreen from invoking the $500.00 per package limitation.[3]

In view of the failure of movant to provide the Court with sufficient detail as to the circumstances of delivery of the container to the La Spezia terminal, the facts and circumstances relevant to the storage and loading on board of the container, and the issuance of the Bill of Lading, and the parties responsible for each of these activities, the Court deems this motion in the nature of a request for an advisory opinion requiring too many assumptions of fact. *See U.S. v. Bilzerian*, 926 F.2d 1285, 1293 (2d Cir.1991). Until the exact sequence of events is clear, the Court is unable to determine if the goods were ever laden on board so that COGSA limitations would apply, or whether plaintiff can recover under estoppel theories such as those set forth in *Berisford Metals*, 779 F.2d 841, 845–48 (2d Cir.1986), *cert. denied*, 476 U.S. 1188, 106 S.Ct. 2928, 91 L.Ed.2d 556 (1986), *Elgie & Co. v. S.S. S.A. Nederburg*, 599 F.2d 1177 (2d Cir.1979), and *Condor Industries Intern., Inc. v. M.V. American Exp.*, 667 F.Supp. 99, 101 (S.D.N.Y.1987), or under a bailment and breach of warranty action or action for deceit, *Olivier Straw Goods Corp. v. Osaka Shosen Kaisha*, 47 F.2d 878 (2d Cir.1931), *cert. denied*, 283 U.S. 856, 51 S.Ct. 648, 75 L.Ed. 1462 (1931), or a deviation theory, *Leather's Best Int'l Inc. v. M.V. Lloyd Sergipe*, 760 F.Supp. 301, 312 (S.D.N.Y.1991).

These questions depend upon the resolution of genuine issues of material fact which cannot be determined until the outcome of discovery proceedings in Italy. Accordingly, the motion for partial summary judgment is denied.[4]

## CONCLUSION

Because discovery is not complete regarding the issues such as when loss occurred, whether the goods were ever in the custody of Evergreen, reasonable verification, and reliance, and the record shows there are genuine issues of fact material to those issues, it would not be appropriate to award partial summary judgment at this time. Accordingly, Evergreen's motion is denied.

IT IS SO ORDERED.

---

**3.** The Bill of Lading at issue here also provides contractually that COGSA's provisions determine the relative rights and liabilities of the parties as to any loss "before the Goods are loaded on and after they are discharged from the ship provided, however, that the Goods at said times are in the actual custody of the Carrier or an Underlying Carrier by water[,]" Evergreen Notice of Motion, Exhibit C–2, clause 5(A), or a loss occurring "between the time of receipt of the Goods by the Carrier at the port of loading and the time of delivery by the Carrier at the port of discharge ..." *id.*, clause 5(B).

**4.** The boxes and rolls of textiles enumerated in the Bill of Lading are "items qualifying as packages (i.e. connoting preparation in some way for transport) such as 'bundles,' 'cartons,' or the like." *Binladen BSB Landscaping v. M.V. NEDLLOYD ROTTERDAM*, 759 F.2d 1006, 1013 (2d Cir.1985), *cert. den.*, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985); *Mitsui & Co., Ltd. v. American Export Lines, Inc.*, 636 F.2d 807 (2d Cir.1981); *Smythgreyhound v. M/V Eurygenes*, 666 F.2d 746 (2d Cir.1981); *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir.1971). Accordingly, there were 189 packages for COGSA purposes.